**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **In re:** | **CHAPTER 7** |
| **REMOTEDMD, L.L.C.** | **CASE NO. 22-11254 (MSG)** |
| **Debtor** | **SECTION "A"** |

**ORDER (I) AUTHORIZING THE DEBTOR**
**TO (A) PAY WAGES, SALARIES, OTHER**
**COMPENSATION, AND REIMBURSEABLE EXPENSES AND (B) CONTINUE**
**EMPLOYEE BENEFITS PROGRAMS, AND (II) GRANTING RELATED RELIEF**

Came for consideration, was the *Amended Motion for Entry of an Order (i) Authorizing the Debtor to (A) Pay Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs and (ii) Granting Related Relief* (the"***Motion***") [Dkt. # 56] of the above-captioned debtor and debtor in possession (the "***Debtor***"); and this Court having found that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is

**HEREBY ORDERED THAT**:

1.    The Motion is granted.

2.    The Debtor is authorized, but not directed, to pay the Compensation and Benefits[1] in the following amounts which amount constitutes unpaid employee wages for the payroll period

---

[1]    "Compensation and Benefits" means wages, salaries, other compensation, expense reimbursement, payroll obligations and withholding of federal, state, and local taxes (including garnishments, employees' share of insurance premiums, taxes, and other amounts withheld), payroll processing, health benefits (including vision and dental coverage), insurance programs, workers' compensation benefits, and certain other benefits that the Debtor has historically provided the employees and temporary staff in the ordinary course of business.

at issue of October 30, 2022, through November 12, 2022, in the ordinary course and in accordance

with the Debtor's policies and the terms of this Order.

| RELIEF SOUGHT | AMOUNT |
|---|---|
| **Compensation and Withholding Obligations** | |
| Employee Wages | $48,975.16 |
| Independent Contractor Obligations | $16,429.07 |
| Reimbursable Expenses | $2,762.70 |
| Withholding and Deduction Obligations | $3,704.40 |
| *Employee Compensation Total* | $71,871.33 |
| **Benefits and Other Programs** | |
| Healthcare Plans | $19,890.00 |
| 401(k) Matching Contributions | $1,098.08 |
| *Employee Benefits Total* | $20,988.08 |
| **Total Employee Wages and Benefits Obligations** | $92,859.41 |

| RELIEF SOUGHT | AMOUNT |
|---|---|
| **Compensation and Withholding Obligations for MCM** | |
| Employee Wages | $66,201.04 |
| Independent Contractor Obligations | $9,233.89 |
| Withholding and Deduction Obligations | $5,261.90 |
| *Employee Compensation Total* | $80,696.83 |
| **Benefits and Other Programs** | |
| 401(k) Matching Contributions | $1,425.78 |
| *Employee Benefits Total* | $1,425.78 |
| **Total Employee Wages and Benefits Obligations** | $82,122.61 |

| RELIEF SOUGHT | AMOUNT |
|---|---|
| **Compensation and Withholding Obligations RMD Guyana Doctors** | |
| Independent Contractor Obligations | $14,142.35 |
| *Employee Compensation Total* | $14,142.35 |
| **Benefits and Other Programs** | |
| *Employee Benefits Total* | $0.00 |
| **Total Employee Wages and Benefits Obligations** | $14,142.35 |

| RELIEF SOUGHT | AMOUNT |
|---|---|
| **Compensation and Withholding Obligations RMD Guyana Clinic** | |
| Independent Contractor Obligations | $6,718.12 |
| *Employee Compensation Total* | $6,718.12 |
| **Benefits and Other Programs** | |
| *Employee Benefits Total* | $0.00 |
| **Total Employee Wages and Benefits Obligations** | $6,718.12 |

| RELIEF SOUGHT | AMOUNT |
|---|---|
| **Compensation and Withholding Obligations RMD - Mexico** | |
| Independent Contractor Obligations | $4,200.00 |
| *Employee Compensation Total* | $4,200.00 |
| **Benefits and Other Programs** | |
| *Employee Benefits Total* | $0.00 |
| **Total Employee Wages and Benefits Obligations** | $4,200.00 |

| RELIEF SOUGHT | AMOUNT |
|---|---|
| **Compensation and Withholding Obligations – RMD Guyana Suriname** | |
| Independent Contractor Obligations | $2,307.70 |
| *Employee Compensation Total* | $2,307.70 |
| **Benefits and Other Programs** | |
| *Employee Benefits Total* | $0.00 |
| **Total Employee Wages and Benefits Obligations** | $2,307.70 |

3.      Nothing herein shall be deemed to authorize the payment of any amounts which violate or implicate section 503(c) of the Bankruptcy Code, including any bonus, incentive, retention, or severance payments to any "insider" as defined in section 101(31) of the Bankruptcy Code, provided that nothing herein shall prejudice the Debtor's ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code at a later time.

4.      The Debtor is authorized, but not directed, to forward any unpaid amounts on account of Withholding and Deduction Obligations[2] to the appropriate third-party recipients or taxing authorities.

5.      The Debtor is authorized, but not directed, to pay costs and expenses incidental to payment of the Compensation and Benefits obligations, including all administrative and processing costs and payments to outside professionals.

6.      The Debtor shall not honor any Compensation and Benefits to any individual that exceeds the priority amounts set forth in sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code, to the extent applicable, without seeking authority from the Court.

7.      Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

8.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtor under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtor's or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an

---

[2]    "Withholding and Deduction Obligations" means the employee earnings that governments, employees, and judicial authorities have designated for deduction from the employees' paychecks.

{00379291-2}

4

implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion or a finding that any particular claim is an administrative expense claim or other priority claim; (e) a request or authorization to assume or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtor's estate; (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtor or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtor that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, provided that sufficient funds are on deposit and standing in the Debtor's credit in the applicable bank accounts to cover such payments, and all such banks and financial institutions are authorized to rely on the Debtor's designation of any particular check or electronic payment request as approved by this Order without any duty of further inquiry and without liability for following the Debtor's instructions.

10.     The Debtor is authorized, but not directed, to checks, or to fund the transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of this chapter 11 case with respect to amounts authorized by this Order.

11.     The Debtor has demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.[3]

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules[4] are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     The Debtor is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

16.     The Court retains jurisdiction to hear and determine all matters arising from the implementation of this interim order.

17.     Counsel for Debtor shall serve this Order on the required parties who will not receive notice through the ECF system pursuant to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules and file a certificate of service to that effect.

---

[3]     "Bankruptcy Rule" means the Federal Rules of Bankruptcy Procedure.

[4]     "Local Rule" means the Uniform Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana.

{00379291-2}