# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **In re:** | **CHAPTER 11** |
| **REMOTEMD, L.L.C.** | **CASE NO. 22-11254** |
| **Debtor** | **SECTION "A"** |
| | **SUBCHAPTER V** |

## UNITED STATES TRUSTEE'S OBJECTION TO CONFIRMATION

David W. Asbach, Acting United States Trustee for Region 5 (hereinafter, "UST"), by and through his undersigned counsel, hereby files this objection (the, "Objection") to the RemoteMD, LLC Plan of Reorganization Dated September 21, 2023 (the, "Plan") [ECF-239] filed by RemoteMD, LLC (the, "Debtor"). In support thereof, the UST respectfully states:

## STANDING

1. By virtue of the Chapter 11 filing, this case is subject to the supervision and administration of the UST pursuant to 28 U.S.C. § 586. This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts.[1]

2. Pursuant to 11 U.S.C. § 307, the UST has standing to be heard regarding this Objection.

## PROCEDURAL BACKGROUND

3. On October 18, 2022 (the, "Petition Date"), Robert Dudley, Premier Laboratory Services, Inc., Steele Strategies, Inc., Securitas Security Services USA, Inc., and KJG Strategies

---

[1] *See* In re Columbia Gas Sys. Inc., 33 F.3d 294, 295–96 (3d Cir. 1994) (noting that the UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); In re Wilson, 413 B.R. 330, 335 (Bankr. E.D. La. 2009) (finding that "the provisions of § 586(a) are intended to compliment the broader grant of power provided by § 307.").

(the, "Petitioning Creditors") filed an involuntary petition, thereby commencing the above-captioned bankruptcy matter. [ECF-1].

4. On November 4, 2022, the Court entered an Order Converting the Involuntary Bankruptcy Case to a Case Under Chapter 11 of the Bankruptcy Code and Notice of Election to Proceed Under Subchapter V of Chapter 11, converting the case to a Chapter 11 proceeding (the, "Order of Relief"). [ECF-29].

5. The UST appointed Craig Geno to serve as the Subchapter V Trustee in this matter, who continues to serve in this capacity. [ECF-34].

6. The Debtor remains in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

7. The Debtor filed the Plan on September 21, 2023. [ECF-239]. A confirmation hearing has not been set on November 7, 2023. [ECF-244].

## LAW AND ANALYSIS

**I.     Cause Exists to Convert this Case to Chapter 7 Instead of Confirmation**

8. The UST reurges its efforts to convert this Chapter 11 to Chapter 7 for the reasons stated in its "Supplemental Motion to Convert". [ECF-258]. If the Debtor is unable to confirm its September 2023 Plan after the evidentiary hearing on November 7, 2023, the UST submits that cause exists to dismiss the case under 11 USC §1112(b)(4)(J) for the failure to confirm a plan, within the time fixed by this title or by order of the court.

**II.    Confirmation Standards For a Subchapter V Matter**

9. There are two ways to confirm a plan under subchapter V—consensually or non-consensually. 11 U.S.C.A. §§ 1191(a),(b). Either avenue of confirmation requires a type of feasibility analysis prior to confirmation.

10. A consensual plan may be confirmed under 11 U.S.C. § 1191(a) if the creditors vote for the plan and all the other requirements of § 1129(a), including feasibility under § 1129(a)(11) are met.

11. A debtor's plan is feasible if "[c]onfirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor ... unless such liquidation or reorganization is proposed in the plan." 11 U.S.C. § 1129(a)(11).

12. Under the feasibility standard, a debtor must demonstrate that its plan offers a reasonable possibility of success by a preponderance of the evidence. See, Matter of T-H New Orleans Ltd. P'ship, 116 F.3d 790, 801 (5th Cir. 1997). The court need not require a guarantee of success. In re Lakeside Glob. II, Ltd., 116 B.R. 499, 507 (Bankr. S.D. Tex. 1989). Essentially, a debtor must be able to show that it can accomplish what it proposes to do, in the time period allowed, and on the terms set forth in the plan.

13. Where the subchapter V debtor cannot obtain full consent for the plan (i.e., one or more impaired classes of claims or interests rejects the plan), § 1191(b) sets forth the rules for a non-consensual confirmation. 11 U.S.C. § 1181(a). Under § 1191(b), the court shall confirm a subchapter V plan that satisfies the confirmation requirements, other than the requirements of § 1129(a)(8) (providing that all classes vote to accept the plan or not be impaired by the plan), § 1129(a)(10) (requiring at least one impaired class to accept the plan), and § 1129(a)(15) (requiring payment of unsecured creditors in full or devoting allocated projected disposable income to the plan), so long as the plan does not discriminate unfairly against any impaired, non-consenting class and is fair and equitable regarding each class of impaired claims or interests that has rejected the plan. 11 U.S.C. § 1191(b).

14. For a plan to be considered fair and equitable, the Debtor must make a showing that it "will be able to make all payments under the plan... or... there is a reasonable likelihood that the debtor will be able to make all payments under the plan." 11 U.S.C. § 1191(c)(3). Though a guarantee of success is not required, the court should be satisfied that the reorganized debtor can stand on its own two feet. <u>In re Samurai Martial Sports, Inc.</u>, 644 B.R. 667, 698 (Bankr. S.D. Tex. 2022) citing <u>In re Pearl Res. LLC</u>, 622 B.R. 236, 269 (Bankr. S.D. Tex. 2020), on reconsideration, No. 20-31585, 2023 WL 3661775 (Bankr. S.D. Tex. May 25, 2023).

15. At the time of the filing of this Objection, it is unclear whether the Debtor will be able to proceed to confirmation under § 1191(a) as a consensual plan, or under § 1191(b) as a non-consensual plan.

### III. <u>UST Specific Objections to the Plan</u>

#### a. <u>The Plan is Not Feasible, as Required By 11 U.S.C. § 1129(a)(11)</u>

16. The Debtor's performance during the pendency of this bankruptcy leaves room for improvement. The Debtor holds only $12,567.91 of cash as of September 30, 2023, and has negative income of $30,592 over the past ten (10) months. The Debtor's revenue varied greatly over the past ten (10) months from a high of $839,359 in November 2022 to a low of $172,201 in June 2023. The Debtor had less than $2,500 in its bank account during two (2) of the last ten (10) months. With these facts in mind, the Debtor will have an uphill battle to demonstrate that it can realistically carry out its Plan. See, <u>In re Samurai Martial Sports, Inc.</u>, 644 B.R. at 698 citing <u>In re Pearl Resources LLC</u>, 622 B.R. at 269, on reconsideration, No. 20-31585, 2023 WL 3661775 (Bankr. S.D. Tex. May 25, 2023).

17. As discussed *supra*, the Debtor's monthly income during the bankruptcy has varied greatly. The monthly operating reports reflect net income as follows:

```
Remote MD
302-22-11254
Financial Analysis                                    MOR REVIEW - Non-Individual Debtor
                   11/4/22                                                                                                        12 Mo.
                   11/30/22   Dec-22      Jan-23      Feb-23      Mar-23      Apr-23      May-23      Jun-23      Jul-23      Aug-23      Sep-23      Oct-23      Nov-23    Total
MORs
Beginning Cash   $  12,382 $  51,755 $   1,735 $  32,448 $   2,273 $  12,644 $  52,543 $ 209,315 $  25,022 $   2,370 $  88,069 $  12,567 $  12,567

Cash Receipts    $ 839,359 $ 550,494 $ 576,407 $ 215,713 $ 359,137 $ 453,113 $ 789,106 $ 172,201 $ 253,950 $ 260,583 $ 175,733 $      -  $      -   $ 3,806,437
Cash Disbursements $ 799,753 $ 591,918 $ 545,694 $ 245,888 $ 348,766 $ 413,214 $ 632,334 $ 356,495 $ 276,602 $ 174,884 $ 251,235 $      -  $      -   $ 3,837,029
Net Cash Flow    $  39,606 $ (41,424) $  30,713 $ (30,175) $  10,371 $  39,899 $ 156,772 $(184,293) $ (22,652) $  85,699 $ (75,502) $      -  $      -   $  (30,592)

Ending Cash      $  51,989 $  10,331 $  32,448 $   2,273 $  12,644 $  52,543 $ 209,315 $  25,022 $   2,370 $  88,069 $  12,567 $  12,567 $  12,567
```

The Debtor is not consistently profitable, even when not paying post-petition invoices in the amount of at least $375,597.02.

18.     The UST doubts the Debtor's ability to meet the Plan projections and obligation. The Debtor must meet its burden of proof that its Plan meets the feasibility requirement in order to confirm the Plan. The UST objects to confirmation of the Plan without a showing by the Debtor that it can satisfy the feasibility requirements of § 1191(a) or the fair and equitable requirements of § 1191(b).

b.  **The Debtor is Administratively Insolvent, Failing to Satisfy 11 U.S.C. § 1129(a)(9)**

19.     The Debtors is administratively insolvent, thereby precluding it from being able to satisfy § 1129(a)(9) of the Bankruptcy Code, which requires that a debtor pay all administrative and priority creditors in full on the Plan's effective date unless an administrative creditor agrees to different treatment.

20.     The Plan provides that: "Each holder of an Allowed Administrative Claim under §503 of the Banrkutpcy Code will be paid in full on the effective date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtor." [ECF-239, Plan, Section 3.2]. The Debtor does not have cash available to satisfy the Allowed Administrative Claims.

21.     As per the September 2023 Monthly Operating Report, the Debtor had $12,567.91 as of September 30, 2023. [ECF-261]. Said amount will be insufficient to satisfy (i) the asserted

$186,605.33 administrative expense claim of Elman 880-990 Associates LP on the Effective Date[2]; or, (ii) the $76,554.06 of post-petition debts that have not been paid. And, there is no indication that Elman 880-990 Associates LP or the post-petition creditors will agree to other terms.

22. Further, the Plan's treatment for Allowed Administrative Claims, other than Allowed Professional Fee Claims, is unclear. The Plan provides for specific payment to the holders of Allowed Professional Fee Claims, but not to other Allowed Administrative Claims.

23. Any Allowed Professional Fee Claims, which are expected to amount to $172,000 could agree to "other terms". But again, there is no indication that the holders of Allowed Professional Fee Claims will agree to defer payment.

24. The Plan does not include treatment for the $289,152.09 debt to the IRS for withholding and payroll taxes.

25. As detailed in its Supplemental Motion to Convert, the Debtor's cash position during the bankruptcy has varied greatly. In July 2023, the Debtor's cash position fell to less than $3,000 in its bank accounts as of July 31, 2023. The monthly operating reports reflect the following ending cash accounts in the Debtor's bank accounts per month:

---

[2] Elman 880-990 Associates LP filed a Motion for Allowance of, and Payment of, Priority Administrative Expense Claim. [ECF-255]. Elman 880-990 Associates LP Elman 880-990 Associates LP requests payment in the amount of $186,605.33 as a priority administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A) because Debtor, for nine (9) months post-petition, occupied, and derived a benefit from, the office space located at 880 Commerce Road, Harahan, Louisiana, 70123. [ECF-255].

| Remote MD 302-22-11254 Financial Analysis | | | | | | | | | | MOR REVIEW - Non-Individual Debtor | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| MORs | 11/4/22 11/30/22 | Dec-22 | Jan-23 | Feb-23 | Mar-23 | Apr-23 | May-23 | Jun-23 | Jul-23 | Aug-23 | |
| Beginning Cash | $ 12,382 | $ 51,755 | $ 1,735 | $ 32,448 | $ 2,273 | $ 12,644 | $ 52,543 | $ 209,315 | $ 25,022 | $ 2,370 | |
| Cash Receipts | $ 839,359 | $ 550,494 | $ 576,407 | $ 215,713 | $ 359,137 | $ 453,113 | $ 789,106 | $ 172,201 | $ 253,950 | $ 260,583 | |
| Cash Disbursements | $ 799,753 | $ 591,918 | $ 545,694 | $ 245,888 | $ 348,766 | $ 413,214 | $ 632,334 | $ 356,495 | $ 276,602 | $ 174,884 | |
| Net Cash Flow | $ 39,606 | $ (41,424) | $ 30,713 | $ (30,175) | $ 10,371 | $ 39,899 | $ 156,772 | $ (184,293) | $ (22,652) | $ 85,699 | |
| Ending Cash | $ 51,989 | $ 10,331 | $ 32,448 | $ 2,273 | $ 12,644 | $ 52,543 | $ 209,315 | $ 25,022 | $ 2,370 | $ 88,069 | |

26. The UST objects to confirmation of the Plan without a showing that the Debtor can satisfy § 1129(a)(9) of the Bankruptcy Code, which requires that a debtor pay all administrative and priority creditors in full on the Plan's effective date unless an administrative creditor agrees to different treatment.

### c. Specific Objections to the Plan

27. The Plan provides that the Litigation Trust will make all Plan distributions to holders of Allowed unclassified claims, Allowed Administrative Expense Claims, Allowed Priority Tax Claims, and Allowed classified claims. These distributions will be made, in part, from the Debtor's projected disposable income. However, there is no mechanism in the Plan for the Debtor to send the projected disposable income to the Litigation Trustee. The Plan should be revised to include a mechanism for this transfer.

28. The Plan provides that the Litigation Trust will collect the Remote Texas Note. The Plan does not give the value of the Remote Texas Note, or how much the Litigation Trust should expect to receive to pay the Litigation Trust Beneficiaries. The Remote Texas Note does not appear on the Debtor's balance sheet. Without a clear understanding of how much the Litigation Trust is expected to receive in payment of the Remote Texas Note, the creditors do not have sufficient information to determine their anticipated recovery. The Plan should be revised to include an expected recovery of the Remote Texas Note.

29. The Plan does not disclose the unpaid withholding and payroll tax obligation owed by the Debtor post-petition. The Litigation Trust will need to satisfy this $289,152.09 in advance of payments to the unsecured creditors. Without a clear understanding of how the $289,152.09 obligation will be paid, the creditors do not have sufficient information to determine their anticipated recovery. The Plan should be revised to include detail on the payment of this obligation.

30. The Plan provides that the Debtor will continues its business model of using management and accounting staff from MedClinic Management, LLC to conduct its back of the house operations. [ECF-239, Plan, Article 7]. The Plan does not provide any detail on the markup or pricing for these employees, or that MedClinic Management, LLC is an entity owned by Dr. Kotler. The Debtor should disclose additional information about this arrangement to ensure that the Debtor will be able to successfully implement its Plan.

31. Section 8.9 of the Plan involving the payment of the Subchapter V Trustee's post-petition expenses is unclear. The Subchapter V Trustee must file fee applications as required of all estate professionals. Any efforts to circumvent the §330 process must be rejected.

32. Several provisions of the proposed Litigation Trust Agreement warrant further discussion, as follows:

    a. The indemnification provision of Section 8.3 includes a hold harmless for the Litigation Trustee and the Litigation Trust's attorneys, with a caveat for the Litigation Trustee's bad faith, breach of fiduciary duty, dishonesty, gross negligence, fraud or other similar acts. Said caveat should extend to not only the Litigation Trustee, but the Litigation Trust's attorneys.

b.  Section 10.1 provides for compensation for the Litigation Trustee, with an initial distribution of "$20,000 from the Debtor's projected disposable income, with a minimum of compensation of $40,000.00 and 3% of gross recoveries by the Litigation Trustee in the performance of his powers and duties."  How the Litigation Trustee's compensation will be calculated is unclear.

## CONCLUSION

**WHEREFORE**, the UST prays that this Honorable Court deny confirmation of the Plan without a showing that the Debtor meets the confirmation requirements of the Bankruptcy Code. The UST further prays for all general and equitable relief to which entitled in the premises.

Dated: October 31, 2023

Respectfully submitted,

DAVID W. ASBACH
Acting United States Trustee
Region 5, Judicial Districts of
Louisiana and Mississippi

by: *s/Christy R. Bergeron*
CHRISTY R. BERGERON (#22944)
Trial Attorney, Office of the U.S. Trustee
400 Poydras Street, Suite 2110
New Orleans, LA 70130
Telephone no. (504) 589-4018
Christy.Bergeron@usdoj.gov

**CERTIFICATE OF SERVICE**

I, Christy R. Bergeron, do hereby certify that, on this, the 31st day of October, 2023, true and correct copies of the foregoing Objection to Plan of Reorganization was served by Notice of Electronic Filing through the court's CM/ECF electronic notification system on the parties listed below, or by U.S. Mail, postage prepaid, on the attached mailing matrix.

Laura F. Ashley on behalf of Creditor, Caresworth Medical Centre & Pharmacy
lashley@joneswalker.com, laura-ashley-4406@ecf.pacerpro.com

Laura F. Ashley on behalf of Petitioning Creditor, Premier Laboratory Services, LLC
lashley@joneswalker.com, laura-ashley-4406@ecf.pacerpro.com

Alicia M. Bendana on behalf of Creditor, AFCO Credit Corporation
abendana@lawla.com, rmichel@lawla.com;seaton@lawla.com

Christy Renee Bergeron on behalf of U.S. Trustee
Christy.Bergeron@usdoj.gov

Greta M. Brouphy on behalf of Debtor, RemoteMD, L.L.C.
gbrouphy@hellerdraper.com, vgamble@hellerdraper.com

Katherine Elizabeth Clark on behalf of Creditor, Sallyport Commercial Finance, LLC
kclark@gamb.com

Douglas S. Draper on behalf of Debtor, RemoteMD, L.L.C.
ddraper@hellerdraper.com, vgamble@hellerdraper.com

J. David Forsyth on behalf of Creditor, Robert Dudley and Kathryn Steele
jdf@sessions-law.com

J. David Forsyth on behalf of Petitioning Creditor, Steele Strategies Inc.
jdf@sessions-law.com

J. David Forsyth on behalf of Petitioning Creditor, Robert Dudley
jdf@sessions-law.com

Brett P. Furr on behalf of Creditor, Evergreen Working Capital, LLC
brett.furr@taylorporter.com, karla.dietz@taylorporter.com

Craig M. Geno
cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com, cleal@cmgenolaw.com, cmgeno@ecf.courtdrive.com

Craig M. Geno on behalf of Trustee, Craig M. Geno
cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com, cleal@cmgenolaw.com, cmgeno@ecf.courtdrive.com

Katilyn Michelle Hollowell on behalf of Creditor, Noble Drilling (U.S.) LLC
katie.hollowell@keanmiller.com

Michael E. Landis on behalf of Debtor, RemoteMD, L.L.C.

mlandis@hellerdraper.com, Vgamble@hellerdraper.com

J. Eric Lockridge on behalf of Creditor, Noble Drilling (U.S.) LLC
eric.lockridge@keanmiller.com, stephanie.gray@keanmiller.com, eric-lockridge-9072@ecf.pacerpro.com

Armistead M. Long on behalf of Creditor, Sallyport Commercial Finance, LLC
along@gamb.law, sroberts@gamb.law

Thomas J. Madigan on behalf of Movant, Elman 880-990 Associates, LP
tmadigan@shergarner.com

Randy George McKee on behalf of Creditor, Eureka Medical Laboratories, Inc.
rgmckee@mckeelawllc.com, randyofc@bellsouth.net

Mark Mintz on behalf of Petitioning Creditor, Premier Laboratory Services, LLC
mmintz@joneswalker.com, mark-mintz-4822@ecf.pacerpro.com

Leann Opotowsky Moses on behalf of Creditor, American Longshore Mutual Association, Ltd. through its program administrator The American Equity Underwriters, Inc.
moses@carverdarden.com, langley@carverdarden.com, 8167471420@filings.docketbird.com

William Hardy Patrick, IV, on behalf of Creditor, Evergreen Working Capital, LLC
will.patrick@taylorporter.com

Ryan James Richmond on behalf of Creditors, Robert Dudley and Kathryn Steele
ryan@snw.law

Peter C. Smart, Sr., on behalf of Creditor, Mody Capital LLC
smart-efile@craincaton.com

Timothy Thriffiley on behalf of Creditor, Central Dispatch, Inc.
tthriffiley@pivachlaw.com, Mmajchrzak@pivachlaw.com

                                                                      By: */s/ Christy R. Bergeron*
CHRISTY R. BERGERON, Trial Attorney
La. Bar # 22944

| Label Matrix for local noticing | Evergreen Working Capital, LLC | KJG Strategies, L.L.C. |
| --- | --- | --- |
| 053L-2 | c/o Brett Furr | P.O. Box 15685 |
| Case 22-11254 | P.O. Box 2471 | Rio Rancho, NM 87174-0685 |
| Eastern District of Louisiana | Baton Rouge, LA 70821-2471 | |
| New Orleans | | |
| Tue Nov 15 16:52:18 CST 2022 | | |
| Premier Laboratory Services, LLC | RemoteMD, L.L.C. | Sallyport Commercial Finance, LLC |
| c/o Jones Walker LLP | 880 W. Commerce Rd | c/o Armistead M. Long |
| Kyle Bacon, Esq. | Suite 101 | Gordon, Arata, Montgomery, Barnett |
| 600 Jefferson Street, Suite 1600 | New Orleans, LA 70123-3457 | 400 East Kaliste Saloom Road |
| Lafayette, La 70501-8905 | | Suite 4200 |
| | | Lafayette, LA 70508-8522 |
| Securitas Security Services USA, Inc. | Steele Strategies Inc. | United States Bankruptcy Court |
| c/o James Richard | 1221 S. Lamar Street | Eastern District of Louisiana |
| P.O. Box 403412 | Dallas, TX 75215-1038 | Hale Boggs Federal Building |
| Atlanta, GA 30384-3412 | | 500 Poydras Street, Suite B-601 |
| | | New Orleans, LA 70130-3319 |
| CHRISTY R. BERGERON | Christy R. Bergeron, Esq. | Courtney J. Hull |
| 400 Poydras Street, Suite 2110 | Office of the United States Trustee | Attorney General's Office |
| New Orleans, LA 70130-3238 | 400 Poydras Street, Suite 2100 | Bankruptcy & Collections Division |
| | New Orleans, Louisiana 70130-3282 | P.O. Box 12548 |
| | | Austin, TX 78711-2548 |
| Douglas S. Draper, Esq. | Evergreen Working Capital, LLC | GORDON, ARATA, MONTGOMERY, BARNETT, |
| HELLER, DRAPER& HORN, L.L.C. | c/o Taylor Porter Brooks et al | McCOLLAM, DUPLANTIS & EAGAN, LLC |
| 650 Poydras Street, Suite 2500 | PO Box 2471 | Armistead M. Long |
| New Orleans, Louisiana 70130-6175 | Baton Rouge, LA 70821-2471 | 400 East Kaliste Saloom Road, Suite 4200 |
| | | Lafayette, Louisiana 70508-8522 |
| GORDON, ARATA, MONTGOMERY, BARNETT, | J. DAVID FORSYTH (BAR NO. 5719) | Jamie L. Edmonson |
| McCOLLAM, DUPLANTIS & EAGAN, LLC | SESSIONS, FISHMAN & NATHAN, L.L.C. | Curtis J. Crowther |
| Katherine E. Clark | 400 Poydras Street, Suite 2550 | 1201 N. Market Street, Suite 1406 |
| 201 St. Charles Avenue, 40th Floor | New Orleans, LA 70130-3292 | Wilmington, DE 19801-1163 |
| New Orleans, Louisiana 70170-4000 | | |
| Michael E. Landis, Esq. | Sallyport Commercial Finance, LLC | TEXAS WORKFORCE COMMISSION |
| HELLER, DRAPER& HORN, L.L.C. | c/o Armistead M. Long | COLLECTIONS & CIVIL ACTIONS - SAU RM 556 |
| 650 Poydras Street, Suite 2500 | Gordon, Arata | 101 E 15TH ST |
| New Orleans, Louisiana 70130-6175 | 400 East Kaliste Saloom Road, Suite 4200 | AUSTIN TX 78778-0001 |
| | Lafayette, Louisiana 70508-8522 | |
| Texas Workforce Commission | William H. Patrick, IV | Craig M Geno |
| Office of Attorney General | Taylor, Porter, Brooks & Phillips | Law Offices of Craig M. Geno, PLLC |
| BK/Collections | P.O. Box 2471 | 587 Highland Colony Parkway |
| P.O. BOX 12548, MC008 | Baton Rouge, LA 70821-2471 | Ridgeland, MS 39157-8784 |
| Austin, TX 787112548 | | |
| Douglas S. Draper | Greta M. Brouphy | Michael E. Landis |
| Heller, Draper & Horn L.L.C. | Heller, Draper & Horn, LLC | Heller, Draper & Horn, L.L.C. |
| 650 Poydras Street | 650 Poydras St. | 650 Poydras Street |
| Suite 2500 | Ste 2500 | Ste 2500 |
| New Orleans, LA 70130-6175 | New Orleans, LA 70130-6175 | New Orleans |
| | | New Orleans, LA 70130-6175 |
| Office of the U.S. Trustee | Robert Dudley | |
| 400 Poydras Street | 1736 Gulf Shore Blvd N. | |
| Suite 2110 | Naples, FL 34102-4920 | |
| New Orleans, LA 70130-3238 | | |

**The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.**

(u)Robert Dudley and Kathryn Steele End of Label Matrix
 Mailable recipients    28
 Bypassed recipients     1
 Total                  29