UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | ) Case No.: 22-11254 |
| REMOTEMD, LLC | ) CHAPTER 11, SUB V |
| Debtor. | ) |

**TRUSTEE'S MOTION TO ENFORCE THE PLAN AND FOR AN ORDER: (1) REQUIRING THE DEBTOR AND DEBTOR'S COUNSEL, HELLER, DRAPER, & HORN TO PROVIDE THE DEBTOR'S BOOKS, RECORDS, AND OTHER NECESSARY INFORMATION TO THE TRUSTEE; (2) FINDING ALL PRIVILEGES APPLICABLE TO SUCH RECORDS ARE CONTROLLED BY THE LITIGATION TRUSTEE OR ALTERNATIVELY, (3) COMPELLING THE DEBTOR TO TRANSFER, WAIVE OR RELEASE ANY APPLICABLE PRIVILEGE ON THE DEBTOR'S RECORDS TO THE TRUSTEE**

Dwayne Murray, in his capacity as the litigation trustee (hereafter, the "Trustee") of the RemoteMD, LLC Litigation Trust ("Litigation Trust"), submits this *Trustee's Motion to Enforce the Plan and for an Order: (1) requiring the Debtor and Debtor's counsel, Heller, Draper, & Horn to provide the Debtor's books, records, and other necessary information to the Trustee (2) Finding All Privileges Applicable To Such Records Are Controlled By The Trustee Or Alternatively, (3) Compelling The Debtor To Transfer, Waive Or Release Any Applicable Privilege On The Debtor's Records To The Trustee.*

I. **REQUESTED RELIEF**

By this Motion, the Trustee seeks entry of an Order, substantially in the form of the Proposed Order attached hereto (1) ordering the Debtor and Debtor's counsel, Heller, Draper, & Horn to provide the Debtor's books, records, hard drives, and other necessary information to the Trustee, (2) finding that, under the Plan and the subsequent Litigation Trust Agreement (the "LTA"), the evidentiary privileges were transferred by the Debtor to the Trustee, or, in the

alternative, (3) compelling the Debtor to transfer, waive, or release any applicable privilege on the Debtor's records to the Trustee. Due to looming deadlines, as described in more detail below, the Trustee asks that these records and any applicable waivers, be completed by the Debtor no later than May 28, 2024.

**II.     JURISDICTION AND VENUE**

The United States Bankruptcy Court for the Eastern District of Louisiana has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to the Plan, this Court has retained jurisdiction to enter orders as necessary or appropriate to implement the Plan and resolve any disputes arising from the implementation of the Plan.[1] This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The statutory bases for the relief sought herein are to 11 U.S.C. §§ 105(a), 542(a), 542(b), and 1142(b). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

**III.    RELEVANT BACKGROUND**

On October 18, 2022 (the "Petition Date"), Robert Dudley, Premier Laboratory Services, Inc., Steele Strategies, Inc., Securitas Security Services USA, Inc., and KJG Strategies filed an involuntary petition against RemoteMD.[2]

On November 4, 2022, the Court entered an Order of Relief and converted the involuntary bankruptcy case to a voluntary case under Chapter 11 of the Bankruptcy Code with the Notice of Election to Proceed Under Subchapter V of Chapter 11.[3] The UST appointed Craig Geno to serve as the Subchapter V Trustee.[4]

---

[1] ECF Doc. 329, p. 12.
[2] ECF Doc. 1.
[3] ECF Doc. 29.
[4] ECF Doc. 34.

The Debtor remained in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor filed an initial "Plan of Reorganization Dated September 21, 2023."[5] The Debtor filed another "Plan of Reorganization Dated November 10, 2023," (the "Plan").[6]

The Court held a confirmation hearing on November 27, 2023. On February 1, 2024, this Court confirmed the Plan with certain modifications to adequately protect the holders of Class 3 (general unsecured) claims.[7] On April 3, 2024, this Court further amended its order confirming the Plan.[8]

### A. The confirmed Plan created the Litigation Trust for the Retained Causes of Action.

The confirmed Plan authorized the creation of the Litigation Trust, reserved the following causes of actions belonging to the Debtor (the "Retained Causes of Action" or "Reserved Causes of Action") and transferred such causes of action to the Litigation Trust:[9]

> The Debtor reserves and shall retain Retained Causes of Action notwithstanding the rejection of any Executory Contract or Unexpired Lease during the Case or pursuant to the Plan. In accordance with §§ 1123(b)(3) and 1141(b) of the Bankruptcy Code, any Retained Causes of Action that the Debtor may hold against any Entity shall vest in the Debtor. The Debtor shall retain and the Litigation Trust may exclusively enforce all such Retained Causes of Action. The Litigation Trustee shall have the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Retained Causes of Action, or to decline to do any of the foregoing, without the consent or approval of any third party or any further notice to, or action, order, or approval of, the Bankruptcy Court.
>
> The Retained Causes of Action reservation for the benefit of the Litigation Trust includes, whether such action arises from state or federal law, and includes any

---

[5] ECF Doc. 239.
[6] ECF Doc. 286.
[7] ECF Doc. 306.
[8] ECF Doc. 329.
[9] The Amended Confirmation Order, the Confirmed Plan, and the Litigation Trust Agreement alternate in the use of the term "Retained Causes of Action" and "Reserved Causes of Action."

action unknown now but becomes known while asserting a Retained Cause of Action:

- Avoidance Actions
- Causes of Action
- Objections to filed Proofs of Claim or the schedules
- Claims and Causes of Action arising from the assumption or rejection of Executory Contracts or Unexpired Leases
- Recovery of Remote Equipment, and liquidation of any Remote Equipment deemed unnecessary for continued operations by the Reorganized Debtor

Claims and Causes of Action against third parties arising from the Bankruptcy Case, the Bankruptcy Code, applicable State law, and applicable federal law Claims and Causes of Action against the insurers of the Debtor that arose before the Petition Date

- Any derivative claims, Claims, or Causes of Action possessed by the Debtor against its current and former officers and directors
- Claims and Causes of Action against Steele Strategies, Inc. and Katheryn Steele including breach of fiduciary duty, mismanagement, and negligence in the operations of the Debtor; tortious interference with contracts and business relationships
- Claims and Causes of Action against Robert Dudley including assisting or encouraging another in the commission of wrongful acts, and breach of fiduciary duty
- Claims and Causes of Action against Richard Veltre including breach of fiduciary duty, malpractice, mismanagement of the finances of the Debtor, Remote Affiliates, and related entities, negligence, concealing financial information/financial software
- Claims and Causes of Action against John Kosmeh including breach of fiduciary duty, mismanagement, violation of non-compete agreement, Lanham Act violations, conversion of property, and tortious interference with contract
- Claims and Causes of Action against AC Skylines including violation of the automatic stay, conversion of property, and tortious interference with contract
- Claims and Causes of Action against Noble Drilling (U.S.) LLC (or related Noble entity) and Remote Medical International (or related entity) including for non-return of Debtor assets

- Claims and Causes of Action against Deidre Wheatley Liss and Porzio, Bromberg & Newman including for breach of fiduciary duty and lawyer/client confidences

- Claims and Causes of Action against United Church Homes including for conversion of Debtor assets

- Claims and Causes of Action against Steven Birch including disclosure of private information to third parties

- Claims and Causes of Action against Shannon Robbins Davidoff including for negligence, mismanagement, breach of fiduciary duty and loss of business and loss of revenue

The Petitioning Creditors have requested that the following claims be preserved, and in the exercise of its fiduciary duty, the Debtor is preserving the claims in accordance with applicable Fifth Circuit jurisprudence and case law:

- Claims and causes of action related to or involving the transfer or advancement of funds or property or the incurrence of any obligation by the Debtor to any of the Remote Affiliates

- Claims and causes of action that the Remote Affiliates and the Debtor constitute a single business enterprise or should be subject to substantive consolidation

- Claims and causes of action based on the transfer of funds or property or incurrence of any obligation to any Insider

- Claims and causes of action based on mismanagement and breach of fiduciary duties against Dr. Michael Kotler and any other members, managers, owners, officers, directors, employees and professionals of Remote[MD], Remote Affiliates and any Insiders

- Claims and causes of action against Dr. Michael Kotler and any Insiders based on usurpation of corporate opportunities

- Directors & Officers claims and causes of action against any Insiders or their insurers, including, but not limited to, breach of any duties owed to the Debtor

- Claims and causes of action against non-debtor entities who participated or facilitated misconduct as to the Debtor

- Claims and causes of action for recovery of payments by the Debtor to Insiders

- Claims and causes of action against professionals that provided services prepetition to the Debtor

- Claims and causes of action against persons or entities who received distributions from the Debtor

- Claims and causes of action against persons or entities who engaged in theft or fraud as to the Debtor or its assets
- Claims and causes of action for misappropriation of Debtor property.
- Objections to and/or subordination of claims
- All Chapter 5 avoidance and other actions and claims and causes of action under 11 U.S.C. § 724.
- Claims and causes of action against any third parties based on breach of contract.

The Petitioning Creditors and the Debtor assert that the foregoing list is a preliminary list. It may be amended or modified to include any additional claims and causes of action that may be discovered through the Rule 2004 examinations of the Debtor, the Petitioning Creditors, family members and/or the Insiders. All rights are reserved.

To the extent necessary the Debtor will file a Plan Supplement 5 days prior to the Confirmation Hearing that will contain any additional claims that the Petitioning Creditors and/or the Debtor assert exists. The claims identified in the Plan Supplement shall constitute additional retained claims.[10]

The confirmed Plan created the Litigation Trust and provided for the appointment of Dwayne Murray as Trustee. The Plan also authorized the Debtor to execute the Litigation Trust Agreement, a signed copy of which is attached hereto as Exhibit A.

**B. The Plan vests the Trustee with broad authority and discretion to investigate and resolve any claims arising from the Retained Causes of Action**

The Debtor's Plan gives "the exclusive right, authority, and discretion to determine and to initiate, file, prosecute, enforce, abandon, settle, compromise, release, withdraw, or litigate to judgment any such Retained Causes of Action, […].")[11] The Trustee's powers and duties include "(ii) receiving the proceeds derived from the Retained Causes of Action according to the terms of

---

[10] Amended Order Confirming the Debtor's Subchapter V Plan of Reorganization, Doc. 329, pp. 15-18.
[11] Plan, § 5.5. Additionally, "[t]he Litigation Trustee is authorized to settle the Retained Causes of Action, and release and discharge, to the fullest extent permitted by applicable Law, from the Retained Causes of Action to which the Litigation Trustee is a party in accordance with this Plan without the need for approval by the Bankruptcy Court." Plan, pp. 3-4.

this Plan,[12] (iii) *investigat[ing]*, fil[ing], prosecut[ing] and settl[ing] the Retained Causes of Action, (iv) taking such other and further action as the Trustee deems necessary, in its sole discretion, to enforce the rights and obligations associated with the Retained Causes of Action; and (v) and other such duties which are necessary to give effect to the terms and provisions of this Plan." Plan, p. 4 (emphasis added). Additionally, as further supplement to the Trustee's powers, in the LTA, the Debtor "irrevocably grants, assigns, transfers, conveys, delivers, delegates and sets over unto the Trustee all of the authority, rights, powers and duties previously vested in the Debtor under Sections 541, 542, 543, 544, 545, 547, 548, 549, 550 and 553 of the Bankruptcy Code."

Article 7 of the LTA further provides, "[t]hese powers shall not be considered in any way to limit or control the power of the Trustee to act as specifically authorized by any other provisions of this Agreement or the Plan and to act in such a manner as the Trustee may deem necessary or appropriate to discharge all obligations of or assumed by the Litigation Trust or provided herein and to conserve and protect the Trust Estate or to confer on the Beneficiaries the benefits intended to be conferred upon them by this Agreement and the Plan."

## IV.  ARGUMENT

### A. The Trustee, in his discretion granted to him pursuant to the Plan, seeks to review the Debtor's Records in connection with his required investigation of the Retained Causes of Action

Under the Plan, the Trustee has been given the discretion to determine and initiate the prosecution of any of the Retained Causes of Action. *See* Plan, § 5.5, p. 15. Further, Courts give great judicial deference to a Trustee's business judgment to investigate and pursue assets. *See e.g*. *In re Simons Broad., LP*, 2013 WL 9542015, at *7 (W.D. Tex. Nov. 19, 2013) (deferring to

---

[12] The recovery of proceeds derived from the pursuit of the Retained Causes of Action will be distributed by the Trustee for the benefit of certain creditors of the Debtor. ECF Doc. 329, Exh. A, p. 2.

7

trustee's judgment in obtaining debtor's information"); *see also In re Engman,* 395 B.R. 610, 628 (Bankr. W.D. Mich. 2008) ("[I]t is not for the court to substitute its own judgment for that of the trustee's.").

As detailed in the attached Exhibit B, the Trustee requests the Debtor and the Reorganized Debtor's Counsel provide the Debtor's books, records, insurance policies, as well as copies of hard drives.[13] The Trustee and his professionals have determined that, at this early stage, the fastest and most comprehensive way to investigate these potential claims is by reviewing and word searching **all** of the electronic Books and Records of the Debtor.[14] This process would allow the Trustee's attorneys to search the universe of the Debtor's records without having to engage in time-consuming disputes to determine which documents are, or may be, relevant, or may lead to relevant information that can be used by the Trustee relative to the Retained Causes of Actions.

The Trustee also requests all copies of the insurance policies, any claims or notices against those polices, and any communications about those policies. On September 12, 2023, the Debtor filed a *Motion for Adequate Protection of Debtor Authority to Enter Into Insurance Premium Finance Agreement*, ECF Doc. 233, to which was attached a premium finance agreement, with a brief listing of the policies, but no policy numbers.[15] In the Motion and attached Exhibit, the Debtor represented that the director and officer management liability policy from Republic Vanguard would run from August 15, 2023 for 12 months, so until August 2024.[16] As the Court may be aware, polices are effective on the date a claim is made and thus it is necessary for the Trustee to conduct his investigation (at least as to all claims potentially covered by this policy in the next 2 –

---

[13] Should certain necessary documents now be in the possession of the Reorganized Debtor's counsel rather than the Reorganized Debtor, the request is directed to both parties.
[14] *See* Litigation Trust Agreement, Article 7, (noting the Trustee has the power to act as he "may deem necessary or appropriate to discharge all obligations of or assumed by the Litigation Trust […]").
[15] *See* ECF Doc. 233, Exh. A.
[16] *See* ECF Doc. 233, Exh. A.

3 months. Accordingly, the Trustee needs the relevant policy information – whether from the Debtor or the Reorganized Debtor's Counsel as soon as possible.

Further, the Trustee requests certain bank information from the Debtor and Reorganized Debtor's counsel. In particular, the Trustee needs to review certain pre-petition and post-petition bank statements, checks, and financial accounting records. The records the Debtor previously provided in the monthly operating reports are incomplete, and do not provide the full scope of the information needed for the Trustee to conduct his investigation.

Additionally, to effectuate the Plan under § 1142, the Trustee asks the Court to require an account signatory for the Reorganized Debtor to execute the necessary forms or take the necessary steps to obtain certain bank records. Both of the Debtor's banks, Chase and Regions, require a signatory on the account to allow the disclosure of bank records to a third-party. Chase Bank requires such account signatory to execute the Chase Bank Authorization Form, attached hereto as Exhibit C. Regions Bank advised the Trustee's counsel that the authorized signatory must go to any Regions branch and request the bank statements be mailed and provided to another party. According to the Regions representative that Trustee's counsel spoke with, there is no fee for these records.

Accordingly, the Trustee asks for the Debtor's legal and accounting files as detailed in a letter, attached hereto as Exhibit B, sent to the Reorganized Debtor's counsel requesting cooperation.[20]

**B. The Plan and the Bankruptcy Code authorize this Court to enter an order directing the Reorganized Debtor to transfer to the Trustee those records of the Debtor that he deems relevant to his investigation of the retained causes of action.**

---

[20] The Trustee understands that the Reorganized Debtor's counsel has indicated a generalized willingness to cooperate, but should that not occur, the Trustee is filing this Motion as there are deadlines that are quickly approaching in this matter.

9

1. ***Section 1142 authorizes the transfer of the Debtor's records to the Trustee***

The provisions of the confirmed Plan are binding on the Debtor, the Reorganized Debtor, and the Debtor Representative as parties to the Plan. 11 U.S.C. § 1141(a); *Matter of LaHaye*, 17 F.4th 513, 515 (5th Cir. 2021)

Section 1142 not only confers the Bankruptcy Court with post-confirmation jurisdiction necessary to consummate the plan.[21] *See e.g.*, *In re Cary Metal Products, Inc.,* 152 B.R. 927, 931 (Bankr.N.D.Ill.1993) but also "empowers the bankruptcy court to enforce the unperformed terms of a confirmed plan." *U.S. Brass Corp. v. Travelers Ins. Group, Inc. (In re U.S. Brass Corp.)*, 301 F.3d 296, 306 (5th Cir. 2002)) through § 1142(b) which provides:

> The court may **direct the debtor and any other necessary party to execute or deliver or to join in the execution or delivery of any instrument required to effect a transfer of property** dealt with by a confirmed plan, and **to perform any other act**, including the satisfaction of any lien, that is necessary for the consummation of the plan.

11 U.S.C. § 1142(b) (emphasis added).

2. ***The Plan and Section 542(e) exclusively authorize transfer of the Debtor's Records to the Trustee***

In the Litigation Trust Agreement, the Debtor empowered and transferred to the Trustee all of the rights previously vested in it under; *inter alia*, Section 542(e) of the Code, which states:

> (e) Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

Although the Trustee's right under § 542(e) "is subject to any applicable claim of privilege," here the Debtor, "irrevocably grant[ed], assign[ed], transfer[red], convey[ed], deliver[ed], delegate[d],

---

[21] Additionally, in the Confirmation Order, the Court explicitly stated that it retained jurisdiction to "[e]nter such orders as are necessary or appropriate to the implementation of the Plan provision and /or to resolve any disputes arising from implementation of this Plan." ECF Doc. 329, Order, p.12, ¶ 9.

and set[ ] over unto the [Litigation] Trustee **all** of the authority, rights, powers and duties previously vested in the Debtor" including the Debtor's power to convey turnover from its own professionals pursuant to § 542(e).[22]

### C. The Debtor transferred any and all privileges relating to its records to the Trustee in the Plan.

As with the requests to the Debtor and the Reorganized Debtor's counsel, the Trustee understands that certain vital information for the investigation may still be in possession of the Debtor's prior professionals. In the attached Exhibit D, the Trustee lists the individuals and firms that the Trustee has identified so far that may be in possession of the Debtor's books and records.

There are no fewer than twenty-five Retained Causes of Action listed in the Plan, and the Trustee has a very limited period of time to execute his duties to investigate these causes of action in accordance with the terms of the Plan.

Therefore, the Trustee asks the Court to find the Debtor's grant of authority in its Plan and the Litigation Trust Agreement, the Trustee has the privilege as to the retained causes of action and now has the right to control those privileges. *See* Plan, p. 4 (giving the Trustee sole discretion to action as the Trustee deems necessary as the Retained Causes of Action); LTA at § 1.1 (irrevocably granting the Trustee all the authority, rights, powers and duties previously vested in the Debtor).

As explained in *In re Williams*, 152 B.R. 123, 129 (Bankr. N.D. Tex. 1992):

> [T]he liquidating trustee must attempt to liquidate those causes of action to provide a benefit to the estate. To do so, the liquidating trustee succeeds to control over the evidentiary privileges in connection with the avoidance causes of action or subject matter. *See In re Sweetwater,* 884 F.2d 1323, 1327 (10th Cir.1989) ( "[i]f § 1123(b)(3)(B) is to function ..., a reorganization plan must empower a representative of the estate to enforce claims of the estate."); *see also, In re Crescent Beach Inn,* 37 B.R. 894, *reconsideration denied,* 40 B.R. 56 (Bankr.D.Maine 1984) (where the debtor's plan provided that all property, tangible and intangible, be transferred to Richard Davis and the court found the

---

[22] *See* LTA at § 1.1.

debtor's attorney/client privilege could be claimed by a "successor" corporation). The trustee must determine whether to invoke or waive those privileges depending upon the effect of the trustee's ability to realize benefit, if any, to the causes of action transferred to the liquidating trust under the joint plan.

Accordingly, the Trustee submits that due to the Debtor's transfer under both the Plan and the LTA, the Trustee has succeeded in the privileges and should be authorized himself to execute any necessary waivers to obtain the Debtor's files.

**D. Alternatively, this Court is empowered under the Plan, and 1142(b) and 105(a) to direct the Reorganized Debtor to transfer, waive, or release any applicable privilege in favor of the Trustee**

Alternatively, the Trustee asks that the Debtor execute a waiver of attorney-client privilege, substantially similar to Exhibit E attached this motion; and accountant-client privilege, substantially similar to Exhibit F attached this motion.

**V. CONCLUSION**

For the above and foregoing reasons, the Trustee respectfully requests that, after notice and hearing, this Court grant the Trustee's Motion; and enter an order pursuant to the Plan, or in the alternative under §§ 105(a), 542(a), 542(e), and / or 1142(b):

(1) requiring the Reorganized Debtor by May 28, 2024 to (a) transfer complete electronic copies of the Debtor's Books and Records and any applicable hard drives as well as all other documents described and identified in Exhibit B; (b) send account signatory on the Debtor's bank accounts to Regions Bank to request all statements and account information to be sent to the counsel for the Trustee; and (c) execute the necessary paperwork with Chase Bank to have any bank records and statements sent to the Trustee;

(2) requiring RemoteMD's bankruptcy counsel, Heller, Draper, & Horn to transfer the documents and communications set forth in Exhibit B by May 28, 2024;

(3) finding that, pursuant to the Plan, the Debtor transferred to the Trustee the evidentiary privileges and the Trustee can execute waivers needed to obtain the necessary files to investigate the Retained Causes of Action; or, in the alternative,

(4) require the Debtor to execute any releases, consents or privilege requested by the Trustee for bank records, accounting records, and legal files;

(5) subsequent to the above-ordered transfer requiring Dr. Kotler, in his capacity as Reorganized Debtor Representative, to execute an affidavit confirming all of the Debtor's Books and Records have been transferred and /or turned over to the Trustee;

(6) subsequent to the above-ordered transfer requiring a representative of Heller, Draper, & Horn, to execute an affidavit confirming all of the Debtor's prior professional files in its possession have been transferred to the Trustee;

(7) require the Debtor's on-going cooperation.

Respectfully Submitted,

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

  /s/ Christopher T. Caplinger
Alicia M. Bendana, Esq. (La. Bar # 21472)
Christopher Caplinger (La. Bar # 25357)
601 Poydras St., Ste. 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: abendana@lawla.com
         ccaplinger@lawla.com

*Counsel to Dwayne Murray, in his capacity as the Trustee of the RemoteMD, LLC Litigation Trust*

**CERTIFICATE OF SERVICE**

I hereby certify that I caused the above and foregoing to be served on May 3, 2024, to all parties entitled to service via the Court's Electronic Notification System.

Laura F. Ashley on behalf of Creditor Caresworth Medical Centre & Pharmacy
lashley@joneswalker.com, laura-ashley-4406@ecf.pacerpro.com
Laura F. Ashley on behalf of Petitioning Creditor Premier Laboratory Services, LLC lashley@joneswalker.com, laura-ashley-4406@ecf.pacerpro.com
Alicia M. Bendana on behalf of AFCO Credit Corporation
abendana@lawla.com, rmichel@lawla.com;seaton@lawla.com
Christy Renee Bergeron on behalf of U.S. Trustee Office of the U.S. Trustee
Christy.Bergeron@usdoj.gov
Greta M. Brouphy on behalf of Debtor RemoteMD, L.L.C.
gbrouphy@hellerdraper.com, vgamble@hellerdraper.com
Douglas S. Draper on behalf of Debtor RemoteMD, L.L.C.
ddraper@hellerdraper.com, vgamble@hellerdraper.com
Jamie L Edmonson on behalf of Creditor Robert Dudley and Kathryn Steele
jedmonson@rc.com
Jamie L Edmonson on behalf of Petitioning Creditor Robert Dudley
jedmonson@rc.com
J. David Forsyth on behalf of Creditor Robert Dudley and Kathryn Steele
jdf@sessions-law.com
J. David Forsyth on behalf of Petitioning Creditor Steele Strategies Inc.
jdf@sessions-law.com
J. David Forsyth on behalf of Petitioning Creditor Robert Dudley
jdf@sessions-law.com
Brett P. Furr on behalf of Creditor Evergreen Working Capital, LLC
brett.furr@taylorporter.com, karla.dietz@taylorporter.com
Craig M Geno cmgeno@cmgenolaw.com, kcarter@cmgenolaw.com
Katilyn Michelle Hollowell on behalf of Creditor Noble Drilling (U.S.) LLC
katie.hollowell@keanmiller.com
Michael E. Landis on behalf of Debtor RemoteMD, L.L.C.
mlandis@hellerdraper.com, Vgamble@hellerdraper.com
J. Eric Lockridge on behalf of Creditor Noble Drilling (U.S.) LLC
eric.lockridge@keanmiller.com, stephanie.gray@keanmiller.com; ericlockridge9072@ecf.pacerpro.com
Armistead M. Long on behalf of Creditor Sallyport Commercial Finance, LLC
along@gamb.law, sroberts@gamb.law
Mark Mintz on behalf of Petitioning Creditor Premier Laboratory Services, LLC
mmintz@joneswalker.com, mark-mintz-4822@ecf.pacerpro.com
Leann Opotowsky Moses on behalf of Creditor American Longshore Mutual Association, Ltd. through its program administrator The American Equity Underwriters, Inc. moses@carverdarden.com, langley@carverdarden.com; 8167471420@filings.docketbird.com

William Hardy Patrick, IV on behalf of Creditor Evergreen Working Capital, LLCwill.patrick@taylorporter.com
Peter C. Smart, Sr on behalf of Creditor Mody Capital LLC
psmart@craincaton.com
Office of the U.S. TrusteeUSTPRegion05.NR.ECF@usdoj.gov

The following individuals have been served on the 3rd day of May, 2024, by placing same in the United States Mail, postage prepaid and properly addressed:

Doug Draper
Greta M. Brouphy
Michael E. Landis
Heller, Draper & Horn, LLC
650 Poydras Street, Suite 2500
New Orleans, LA 70130

RemoteMD, L.L.C.
880 W. Commerce Road, Suite 101
New Orleans, LA 70123

                                               */s/ Christopher T. Caplinger*
                                                  Christopher T. Caplinger