```
                                    ORDERED,
                            SIGNED_____May 21, 2024_____
                                    _____John W. Kolwe_____
                                    JOHN W. KOLWE
                                    UNITED STATES BANKRUPTCY JUDGE
```

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | ) Case No.: 22-11254 |
| REMOTEMD, LLC | ) CHAPTER 11, SUB V |
| Debtor. | ) |

## ORDER

Before the Court is the *Trustee's Motion to Enforce the Plan and for an Order: (1) requiring the Debtor and Debtor's counsel, Heller, Draper, & Horn to provide the Debtor's books, records, and other necessary information to the Trustee (2) Finding All Privileges Applicable To Such Records Are Controlled By the Trustee Or Alternatively, (3) Compelling The Debtor To Transfer, Waive Or Release Any Applicable Privilege On The Debtor's Records To The Trustee*, ECF Doc. 335, (the "Motion") filed by Dwayne Murray in his capacity as trustee of the RemoteMD, LLC Litigation Trust (the "Litigation Trustee"). The Reorganized Debtor and Heller, Draper & Horn, LLC ("Heller Draper") filed an Opposition, ECF Doc. 339, in response to the Motion. The Court held a hearing on the Motion on May 14, 2024. After notice and a hearing, consideration of the objection made thereto, and the arguments of the parties,

**IT IS ORDERED** that the Motion is **GRANTED in part and denied in part.** The Court orders as follows.

**IT IS ORDERED** that by May 28, 2024, the Reorganized Debtor and Dr. Michael D. Kotler, in his capacity as the Reorganized Debtor's Representative, and/or Debtor's counsel, Heller Draper to the extent it has any such documentation, transfer, turnover, or make available for review and copying, to the Litigation Trustee, through his counsel the following documents and items set forth in Exhibit "B" to the Motion, wherever located, without duplication:

1. The Debtor's hard drive and all applicable usernames and passwords and the Debtor's accounting software program and all applicable usernames and passwords, or if unavailable a copy of all of the Debtor's electronic records, including all financial and accounting records, for the period between October 17, 2012 and February 16, 2024 and if the Debtor's hard drive and/or accounting software program cannot be transferred, direct a person who has knowledge of the Debtor's IT systems to answer the questions substantially set forth in Exhibit "B" to the Motion as to data storage and corruption.

2. Copies of all insurance policies of the Debtor which the Debtor in good faith believes could provide or could have provided coverage for any of the Retained Causes of Action, including but not limited to any management liability policies, employee liability policies, D&O policies and excess policies that were in effect for any portion of the period between January 1, 2016 and February 16, 2024 (the "Insurance Policies");

3. Copies of any claims or any notices of claims against any such Insurance Policies;

4. Copies of any written communications regarding the Insurance Policies or demands for defense under such Insurance Policies;

5. A list of all additional insurance policies of the Debtor, including coverage types and effective dates;

6. All corporate governance documents in effect from January 1, 2017 through February 16, 2024 including without limitation, all operating agreements, meeting notices, meeting minutes, and resolutions.

7. A listing of the names, last known contact information, and dates of employment as an officer for all of Debtor's officers (including but not limited all Chief Financial Officers) from January 1, 2017 through February 16, 2024;

8. Copies of bank statements for any account of the Debtor for any period between October 17, 2019 and February 16, 2024;

9. Copies of any checks drawn on any account of the Debtor during the period between October 17, 2021 and February 16, 2024;

10. Copies of any invoices issued to the Debtor between October 17, 2021 and October 18, 2022 by any party which received any transfer from the Debtor between July 20, 2022 and October 18, 2022;

11. Copies of any contracts that existed prior to the Effective Date of the Plan between the Debtor and any party which received any transfer from the Debtor between July 20, 2022 and October 18, 2022;

12. Copies of any contracts between the Debtor and any Insider (as that term is defined in the Bankruptcy Code) which received any transfer from the Debtor between October 17, 2019 and October 18, 2022 that existed prior to the Effective Date of the Plan;

13. Any other documents that address or relate to any of the Retained Causes of Action as that term is defined in the Plan; and

14. A listing of all other persons or entities that have any other records of the Debtor relative to the Retained Causes of Action.

**IT IS FURTHER ORDERED** that, as set forth in Exhibit "B" to the Motion, the Reorganized Debtor take the following actions no later than Tuesday, May 28, 2024:

1. Direct a signatory on the Chase Bank account/s that was/were used by the Debtor, to execute a release form authorizing the release of the Debtor's Chase Bank records to counsel for the Litigation Trustee for the period prior to the Effective Date of the Plan;

2. Direct a signatory on the Regions Bank account/s that was/were used by the Debtor, to meet Litigation Trustee's counsel at the Debtor's Regions Bank branch and sign whatever paperwork necessary to authorize the release of the Debtor's Regions Bank records to counsel for the Litigation Trustee for the period prior to the Effective Date of the Plan; and

3. Take any other actions necessary to timely effectuate the transfer of the Debtor's bank records for the period prior to the Effective Date of the Plan.

**IT IS FURTHER ORDERED** that no later than May 28, 2024, the Reorganized Debtor cooperate in good faith with the Litigation Trustee to transfer, or make available for copying the Debtor's books, records, and files as of February 16, 2024 that relate solely to the Retained Causes of Action, and that may be in the possession of third-party professionals. Should a claim of privilege of such information be made by the Reorganized Debtor, the Litigation Trustee may, on an expedited basis, file a motion seeking an order determining the applicability of any privilege over the disputed information.

**IT IS FURTHER ORDERED** that any relief orally granted to the Litigation Trustee at the hearing on this Motion that does not appear in this Order is not waived by the Litigation Trustee.

###