**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No.: 22-11254 |
| | ) | |
| REMOTEMD, LLC | ) | CHAPTER 11, SUB V |
| | ) | |
| Debtor. | ) | |
| | ) | |

**LITIGATION TRUSTEE'S *EX PARTE* MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULES 2004 AND 9016 DIRECTING RECORDS ONLY EXAMINATION OF REGIONS BANK, JP MORGAN CHASE BANK, HANCOCK WHITNEY BANK AND SOUTHWESTERN NATIONAL BANK AS TO ACCOUNTS HELD BY REMOTEMD AFFILIATES**

**NOW INTO COURT**, Dwayne Murray, in his capacity as the litigation trustee (hereafter, the "Trustee") of the RemoteMD, LLC Litigation Trust ("Litigation Trust"), files this *Ex Parte Motion for Order Pursuant to Bankruptcy Rules 2004 and 9016 Directing Records Only Examination of Regions Bank, JP Morgan Chase Bank, Hancock Whitney Bank and Southwestern National Bank as to accounts held by the Affiliates of RemoteMD, LLC* (the "Motion"), for leave to obtain bank records, statements, and various necessary information from Regions Bank ("Regions"), JP Morgan Chase Bank ("Chase" or "Chase Bank"), Hancock Whitney Bank ("Whitney Bank") and Southwestern National Bank ("Southwestern Bank") regarding accounts held by the following affiliates of RemoteMD, LLC ("RemoteMD") – Pelican State Industrial Medicine, APMC d/b/a Pelican State Outpatient Center; RemoteMD Texas; Elite Healthcare LLC; Remote International, Inc.; RemoteMD Services, Guyana; RemoteER, LLC; RemoteMD International, LLC; RemoteMD Florida, LLC; MCM MedClinic Management, LLC; Remote Global Travel & Repatriation Services, LLC; RemoteMD Medical Services, LLC; RMD Medical

Services, LLC and RemoteMD: Education and Training, LLC (collectively, the "Remote Affiliates").  In support of the Motion, the Trustee respectfully states as follows:

## I.      RELIEF SOUGHT

The Trustee seeks the bank records of any accounts held by the Remote Affiliates from Chase Bank, Regions, Whitney Bank and Southwestern Bank for the period of October 18, 2019 through the Plan effective date, February 16, 2024. The requests, which are detailed in the attached Exhibit A *in globo*[1], are for all bank statements, signatory cards, wire transmittal orders, copies of canceled checks, financial statements, and any loan documentation. Through the Trustee's investigation, the Trustee is aware that significant RemoteMD company funds were transferred to bank accounts of the affiliates during the three-years prior to Petition date.

## II.      JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.      RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On October 18, 2022 (the "Petition Date"), Robert Dudley, Premier Laboratory Services, Inc., Steele Strategies, Inc., Securitas Security Services USA, Inc., and KJG Strategies filed an involuntary petition against RemoteMD.[2]

On November 4, 2022, the Court entered an Order of Relief and converted the involuntary bankruptcy case to a voluntary case under Chapter 11 of the Bankruptcy Code with the Notice of

---

[1] Exhibit A -  Exhibit A1 – Exhibit A to Chase; Exhibit A2 – Exhibit A to Regions; Exhibit A3 – Exhibit A to Whitney Bank; Exhibit A4 – Exhibit A to Southwestern Bank. These have been redacted to remove full account numbers.
[2] ECF Doc. 1.

Election to Proceed Under Subchapter V of Chapter 11.[3] The UST appointed Craig Geno to serve as the Subchapter V Trustee.[4]

The Debtor remained in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor filed an initial "Plan of Reorganization Dated September 21, 2023."[5] The Debtor filed another "Plan of Reorganization Dated November 10, 2023," (the "Plan").[6]

On February 1, 2024, this Court confirmed the Plan with certain modifications to adequately protect the holders of Class 3 (general unsecured) claims.[7] On April 3, 2024, this Court further amended its order confirming the Plan.[8]

The confirmed Plan authorized the creation of the Litigation Trust, reserved certain causes of actions belonging to the Debtor, including "claims and causes of action that Remote Affiliates and the Debtor constitute a single business enterprise or should be subject to substantive consolidation" (the "Retained Causes of Action" or "Reserved Causes of Action") and transferred such causes of action to the Litigation Trust:[9]

The confirmed Plan created a Litigation Trust and provided for the appointment of Dwayne Murray as Trustee. *See* **Exhibit B**.

On May 3, 2024, after several unsuccessful attempts to obtain the necessary records to investigate the Retained Causes of Action from the Reorganized Debtor, it's former counsel, and the Reorganized Debtor's Representative, Dr. Kotler, (collectively, the "Reorganized Debtor

---

[3] ECF Doc. 29.
[4] ECF Doc. 34.
[5] ECF Doc. 239.
[6] ECF Doc. 286.
[7] ECF Doc. 306.
[8] ECF Doc. 329.
[9] The Amended Confirmation Order, the Confirmed Plan, and the Litigation Trust Agreement alternate in the use of the term "Retained Causes of Action" and "Reserved Causes of Action."

Parties"), the Trustee filed the *Trustee's Motion to Enforce the Plan and for an Order: (1) requiring the Debtor and Debtor's counsel, Heller, Draper, & Horn to provide the Debtor's books, records, and other necessary information to the Trustee (2) Finding All Privileges Applicable To Such Records Are Controlled By The Trustee Or Alternatively, (3) Compelling The Debtor To Transfer, Waive Or Release Any Applicable Privilege On The Debtor's Records To The Trustee* (the "Motion to Enforce the Plan"). ECF Doc. 335.

On May 14, 2024, the Court heard the Motion to Enforce the Plan and the Opposition thereto filed by the Reorganized Debtor Parties and issued an Order on May 21, 2024 (the "Order"), which granted the Motion in part, and denied the Motion in Part. *See* Order, ECF Doc. 344.

Specifically, the Court ordered the "Reorganized Debtor and Dr. Michael D. Kotler, in his capacity as the Reorganized Debtor's Representative, and/or Debtor's counsel, Heller Draper" (the "Reorganized Debtor Parties") to turn over certain books and records of the debtor, including financial records, and have an account signatory of the Debtor complete the necessary forms to obtain the Debtor's Chase Bank records and meet with the Trustee's counsel at a Regions Bank branch to facilitate the transfer of the Debtor's Regions Bank account records no later than May 28, 2024.

Since the Order, RemoteMD provided the Trustee with access to its accounting software, "Sage". Through the Trustee's review of some of RemoteMD's bank records and also the accounting records on the Sage system, the Trustee is aware of significant transfers from RemoteMD, LLC's accounts to the bank accounts of the Remote Affiliates. In order to carry out his investigation, which includes looking into whether RemoteMD and its affiliates should be substantially consolidated or operated as a single business enterprise, the Trustee needs to review

the bank records of the Remote Affiliates. Accordingly, the Trustee requests permission to seek a Rule 2004 records subpoena of Chase, Regions, Whitney, and Southwestern banks, in substantially the same form as the attached Exhibit A.

## **IV. AUTHORITY**

Federal Rule of Bankruptcy Procedure 2004 authorizes the Court, upon motion of any party-in-interest, to order the examination of any entity relating to the "acts, conduct, or property, or to the liability and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Rule 2004 also authorizes the issuance of a subpoena to compel the attendance of the witness for examination and production of documentary evidence. *See* Fed. R. Bankr. P. 2004(a) – (c); *see also* Fed. R. Bankr. P. 9016 (incorporating by reference Fed. R. Civ. P. 45).

It is well-established that the scope of an examination under Rule 2004 is unfettered and broad. *See In re Wash. Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D. N.Y. 1996); *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D. N.Y. 1983). Indeed, "[a] Rule 2004 examination is commonly recognized as more in the nature of a 'fishing expedition.'" *In re Wash. Mut.*, 408 B.R. at 50 (internal quotations and citations omitted); *see also In re M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); *In re Frigitemp Corp.*, 15 B.R. 263, 264 n.3 (Bankr. S.D. N.Y. 1981). "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate. Legitimate goals of Rule 2004 examinations include discovery assets, examining transactions, and determining whether wrongdoing has occurred." *In re Wash. Mut.*, 408 B.R. at 50 (internal quotations and citations omitted).

Courts have held that "any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D. N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *see also In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D. N.Y. 1991) (stating that third parties may be subject to examination if they have knowledge of the debtors' affairs).

Attached to this request as Exhibit A are the proposed subpoenas to Chase Bank, Regions Bank, Whitney Bank and Southwestern Bank. Each request asks the respective bank to produce all statements, wire information, including who asked for the transfer and the payee of the transfer; copies of checks; any loan documentation for each of the Remote Affiliates; and any loan transaction where RemoteMD or the Remote Affiliates were a borrower, guarantor, or provider of collateral. These records are required for the Trustee's continued investigation into the Retained Causes of Action, including single business enterprise and substantive consolidation.

## V. CONSULTATION WITH THE RECORDS DEPONENTS AS REQUIRED BY THE LOCAL RULES

Pursuant to Local Rule 2004-1, Katherine E. Clark, counsel for the Trustee, conferred with Chase's Court Orders and Information Center, which handles subpoena requests, on July 16, 2024. Ms. Clark for any third-party request as to account information, a subpoena is required.

Additionally, also Pursuant to Local Rule 2004-1, Katherine E. Clark, counsel for the Trustee conferred with Taylor Carley, a representative of Regions Bank on July 18, 2024. Again, a subpoena is required for any third-party to access an account-holder's information.

Ms. Clark also called Hancock Whitney Bank's Legal Department on July 24, 2024 to confer about submission of this request. Randi Crawford of Hancock Whitney Bank Legal Department advised that any subpoena request needs to comply with Louisiana Revised Statutes § 6:333 to release any customer records to a third-party.

6

Finally, on July 25, 2024, Ms. Clark also called Southwestern National Bank to confer about the request. Ms. Clark was provided the name of the individual at Southwestern Bank who handles subpoenas, but that person was out of the office.

Therefore, in an abundance of caution, per Louisiana Revised Statutes § 6:333, Trustee's counsel will also supply each bank with an affidavit that respective Remote Affiliate account holders, have been served with the disclosure demand and that such service was made at least 15 business days before the return date.

## VI. PRAYER

**WHEREFORE**, the Trustee respectfully requests the entry of an Order:

a. authorizing the Trustee to serve a records only 2004 subpoena upon Chase Bank, ordering the bank to produce documents in response to the subpoena no later than August 25, 2024;

b. authorizing the Trustee to serve a records only 2004 subpoena upon Regions Bank, ordering the bank to produce documents in response to the subpoena no later than August 25, 2024; and

c. authorizing the Trustee to serve a records only 2004 subpoena upon Hancock Whitney Bank, ordering the bank to produce documents in response to the subpoena no later than August 25, 2024;

d. authorizing the Trustee to serve a records only 2004 subpoena upon Southwestern National Bank, ordering the bank to produce documents in response to the subpoena no later than August 25, 2024; and

e. granting such other and further relief as is appropriate.

Respectfully Submitted,

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

_/s/Katherine E. Clark_
Alicia M. Bendana, Esq. (La. Bar # 21472)
Christopher Caplinger (La. Bar # 25357)
Katherine E. Clark (La. Bar #40180)
601 Poydras St., Ste. 2775
New Orleans, Louisiana 70130

Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: abendana@lawla.com
         ccaplinger@lawla.com
         kclark@lawla.com

*Counsel to Dwayne Murray, in his capacity as the Trustee of the RemoteMD, LLC Litigation Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024 a true and correct copy of the foregoing Motion for was served via Certified Mail to the subpoena departments of Regions Bank, Chase Bank, and Hancock Whitney Bank, and Southwestern National Bank as well as the respective Bank Presidents and /or Registered Agent of Service of Process.

 */s/Katherine E. Clark* _____

8