# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

| | ) | |
|---|---|---|
| In re: | ) | Case No.: 22-11254 |
| | ) | |
| REMOTEMD, LLC | ) | CHAPTER 11, SUB V |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LITIGATION TRUSTEE'S *EX PARTE* MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULES 2004 AND 9016 DIRECTING RECORDS ONLY EXAMINATION OF REMOTEMD'S PRIOR ACCOUNTANTS

**NOW INTO COURT**, Dwayne Murray, in his capacity as the litigation trustee (hereafter, the "Trustee") of the RemoteMD, LLC Litigation Trust ("Litigation Trust"), files this *Ex Parte Motion for Order Pursuant to Bankruptcy Rules 2004 and 9016 Directing Records Only Examination of RemoteMD's prior accountants* (the "Motion"), for leave to obtain the accounting files, tax returns, and other relevant information from (1) Gary Cooper, CPA; (2) Kushner LaGraize, LLC; (3) Eisner Amper (which acquired Postlewaite and Netterville); and (4) Cherry Bekaert (which acquired Legier & Company) relative to work they performed for the Debtor, RemoteMD, LLC as well as its affiliates - Pelican State Industrial Medicine, APMC (d/b/a Pelican State Outpatient Center); RemoteMD Texas, PLLC; Elite Healthcare, LLC; Remote International, Inc.; RemoteMD Services, Guyana; RemoteMD, Suriname, N.V.; RemoteER, LLC; RemoteMD International, LLC; RemoteMD Florida, LLC; MCM MedClinic Management, LLC; and Remote Global Travel and Repatriation Services, LLC; RemoteMD Medical Services, LLC; RemoteMD: Education and Training, LLC; and RMD Medical Services, LLC (collectively, "the Remote Affiliates"). In support of the Motion, the Trustee respectfully states as follows:

## I. RELIEF SOUGHT

The Trustee seeks the records of RemoteMD's former accountants as related to RemoteMD and the Remote Affiliates for October 18, 2019 through February 16, 2024. The requests, which are each detailed in the attached Exhibit A, ask for all accounting files, including emails and invoices.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On October 18, 2022 (the "Petition Date"), Robert Dudley, Premier Laboratory Services, Inc., Steele Strategies, Inc., Securitas Security Services USA, Inc., and KJG Strategies filed an involuntary petition against RemoteMD.[1]

On November 4, 2022, the Court entered an Order of Relief and converted the involuntary bankruptcy case to a voluntary case under Chapter 11 of the Bankruptcy Code with the Notice of Election to Proceed Under Subchapter V of Chapter 11.[2] The UST appointed Craig Geno to serve as the Subchapter V Trustee.[3]

The Debtor remained in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor filed an initial "Plan of Reorganization Dated September 21, 2023."[4] The Debtor filed another "Plan of Reorganization Dated November 10, 2023," (the "Plan").[5]

---

[1] ECF Doc. 1.
2 ECF Doc. 29.
3 ECF Doc. 34.
4 ECF Doc. 239.
5 ECF Doc. 286.

On February 1, 2024, this Court confirmed the Plan with certain modifications to adequately protect the holders of Class 3 (general unsecured) claims.[6] On April 3, 2024, this Court further amended its order confirming the Plan.[7]

The confirmed Plan authorized the creation of the Litigation Trust, reserved certain causes of actions belonging to the Debtor including "claims and causes of action that Remote Affiliates and the Debtor constitute a single business enterprise or should be subject to substantive consolidation" (the "Retained Causes of Action" or "Reserved Causes of Action") and transferred such causes of action to the Litigation Trust:[8]

The confirmed Plan created the Litigation Trust and provided for the appointment of Dwayne Murray as Trustee. The Plan also authorized the Debtor to execute the Litigation Trust Agreement, a signed copy of which is attached hereto as **Exhibit B**.

On May 3, 2024, after several unsuccessful attempts to obtain the necessary records to investigate the Retained Causes of Action from the Reorganized Debtor, it's former counsel, and the Reorganized Debtor's Representative, Dr. Kotler, (collectively, the "Reorganized Debtor Parties"), the Trustee filed the *Trustee's Motion to Enforce the Plan and for an Order: (1) requiring the Debtor and Debtor's counsel, Heller, Draper, & Horn to provide the Debtor's books, records, and other necessary information to the Trustee (2) Finding All Privileges Applicable To Such Records Are Controlled By The Trustee Or Alternatively, (3) Compelling The Debtor To Transfer, Waive Or Release Any Applicable Privilege On The Debtor's Records To The Trustee* (the "Motion to Enforce the Plan"). ECF Doc. 335.

---

[6] ECF Doc. 306.
[7] ECF Doc. 329.
[8] The Amended Confirmation Order, the Confirmed Plan, and the Litigation Trust Agreement alternate in the use of the term "Retained Causes of Action" and "Reserved Causes of Action."

On May 14, 2024, the Court heard the Motion to Enforce the Plan and the Opposition thereto filed by the Reorganized Debtor Parties and issued an Order on May 21, 2024 (the "Order"), which granted the Motion in part, and denied the Motion in Part. *See* Order, ECF Doc. 344.

Specifically, the Court ordered the "Reorganized Debtor and Dr. Michael D. Kotler, in his capacity as the Reorganized Debtor's Representative, and/or Debtor's counsel, Heller Draper" (the "Reorganized Debtor Parties") to turn over certain books and records of the debtor, including financial records. As for the records of the prior professionals, including accountants, the Court ordered that the Reorganized Debtor Parties work in "good faith" with the Trustee to have the files turned over to the Trustee. Since the Order, despite multiple requests by Trustee's counsel, the Reorganized Debtor Parties have not authorized transfer of these files.

At this point, the Trustee does not think it productive to continue to try to work with the Reorganized Debtor and its Representative, Dr. Kotler, and requests permission to seek a Rule 2004 records subpoena of accounting records held by RemoteMD's and its Affiliates' prior accountants in substantially the same form as the attached **Exhibit A**.

## IV. AUTHORITY

Federal Rule of Bankruptcy Procedure 2004 authorizes the Court, upon motion of any party-in-interest, to order the examination of any entity relating to the "acts, conduct, or property, or to the liability and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Rule 2004 also authorizes the issuance of a subpoena to compel the attendance of the witness for examination and production of documentary evidence. *See* Fed. R. Bankr. P. 2004(a) – (c); *see also* Fed. R. Bankr. P. 9016 (incorporating by reference Fed. R. Civ. P. 45).

It is well-established that the scope of an examination under Rule 2004 is unfettered and broad. *See In re Wash. Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D. N.Y. 1996); *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D. N.Y. 1983). Indeed, "[a] Rule 2004 examination is commonly recognized as more in the nature of a 'fishing expedition.'" *In re Wash. Mut.*, 408 B.R. at 50 (internal quotations and citations omitted); *see also In re M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); *In re Frigitemp Corp.*, 15 B.R. 263, 264 n.3 (Bankr. S.D. N.Y. 1981). "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate. Legitimate goals of Rule 2004 examinations include discovery assets, examining transactions, and determining whether wrongdoing has occurred." *In re Wash. Mut.*, 408 B.R. at 50 (internal quotations and citations omitted).

Courts have held that "any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D. N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *see also In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D. N.Y. 1991) (stating that third parties may be subject to examination if they have knowledge of the debtors' affairs).

Additionally, under federal law, which applies to this Bankruptcy proceeding, no accountant-client privilege exists. *Janvey v. GMAG LLC*, No. 3:15-CV-0401-N-BQ, 2016 WL 11782223, at *2 (N.D. Tex. Oct. 7, 2016)(stating "no accountant-client privilege exists under federal law") (citing *Couch v. United States*, 409 U.S. 322, 335 (1973)); *see also*, *Tonti Mgmt. Co. v. Soggy Doggie, LLC*, No. CV 19-13134, 2020 WL 9172077, at *2 (E.D. La. June 25, 2020). Moreover, "no state-created [accountant-client] privilege has been recognized in federal cases." *Janvey* at *2; *see also United States v. El Paso Co.*, 682 F.2d 530, 540 (5th Cir. 1982) ("Our Circuit

5

does not recognize an accountant-client communications privilege [and] neither does any other federal court."). Section 542(e) also provides that the Court may order an accountant, amongst others, who "…. holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee."

Attached to this request as **Exhibit A** are the respective, proposed subpoenas to (1) Gary Cooper, CPA; (2) Kushner LaGraize, LLC; (3) Eisner Amper (which acquired Postlewaite and Netterville); and (4) Cherry Bekaert (which acquired Legier & Company), which request the accounting firm's entire file, including but not limited to all accounting information, invoices, tax returns, forensic examinations, and emails for the time period of October 18, 2019 (three years prior to the petition date) to February 16, 2024 (the Plan effective date) for work performed for RemoteMD and its Affiliates.

These records are required for the Trustee's continued investigation into the Retained Causes of Action.

## V. CONSULTATION WITH THE RECORDS DEPONENTS AS REQUIRED BY THE LOCAL RULES

Pursuant to Local Rule 2004-1, Katherine E. Clark, counsel for the Trustee consulted with each of the firms as to this request, and reports:

On July 23, 2024, Ms. Clark spoke with Gary Cooper, of Gary Cooper, CPA. He agreed that he should be able to comply with a subpoena request within three weeks from the date of a court order.

On July 23, 2024, Ms. Clark and Christopher Caplinger, counsel for the Trustee consulted with Katrina Forrest, the general counsel of Cherry Bekaert, who agreed to a return date of 30 days from the issuance of the court's order.

On July 23, 2024, Ms. Clark contacted Eisner Amper and left a message for Amy McGimsey, the Chief Operating Officer. Ms. Clark called again on July 24, 2024 and left another message. Ms. McGimsey returned Ms. Clark's call later on July 24, 2024, but Ms. Clark was on another call. Ms. Clark called again on July 25, 2024, and has not yet been able to reach Ms. McGimsey regarding this request.

On July 23, 2024, Ms. Clark spoke with Doug Finegan at Kushner LaGraize, LLC, who agreed that his firm could respond to a subpoena request within three weeks from the date of a Court order.

## VI. PRAYER

**WHEREFORE**, the Trustee respectfully requests the entry of an Order:

a. authorizing the Trustee to serve a records only 2004 subpoena upon Gary Cooper, CPA, ordering him to produce documents in response to the subpoena no later than August 15, 2024;

b. authorizing the Trustee to serve a records only 2004 subpoena upon Cherry Bekaert, ordering it to produce documents in response to the subpoena no later than August 25, 2024;

c. authorizing the Trustee to serve a records only 2004 subpoena upon Eisner Amper, ordering it to produce documents in response to the subpoena no later than August 25, 2024;

d. authorizing the Trustee to serve a records only 2004 subpoena upon Kushner LaGraize, LLC, ordering the bank to produce documents in response to the subpoena no later than August 15, 2024; and

e. granting such other and further relief as is appropriate.

Respectfully Submitted,

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

 */s/ Katherine E. Clark*
Alicia M. Bendana, Esq. (La. Bar # 21472)
Christopher Caplinger (La. Bar # 25357)
Katherine E. Clark (La. Bar #40180)

7

601 Poydras St., Ste. 2775  
New Orleans, Louisiana 70130  
Telephone: (504) 568-1990  
Facsimile: (504) 310-9195  
Email: abendana@lawla.com  
ccaplinger@lawla.com  
kclark@lawla.com  

*Counsel to Dwayne Murray, in his capacity as the Trustee of the RemoteMD, LLC Litigation Trust*

## CERTIFICATE OF SERVICE

I hereby certify that on July 25, 2024 a true and correct copy of the foregoing Motion for was served via Certified Mail to the Registered Agents for Gary Cooper, CPA; Eisner Amper; Cherry Bekaert; and Kushner LaGraize.

/s/<u>*Katherine E. Clark*</u>  
Katherine E. Clark