# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Case No.: 22-11254 |
| REMOTEMD, LLC | ) ) ) | CHAPTER 11, SUB V |
| Debtor. | ) ) | |

### LITIGATION TRUSTEE'S *EX PARTE* MOTION FOR ORDER PURSUANT TO BANKRUPTCY RULES 2004 AND 9016 DIRECTING RECORDS ONLY EXAMINATION OF ADP AND PAYCHEX AS TO REMOTEMD, LLC RECORDS

**NOW INTO COURT**, Dwayne Murray, in his capacity as the litigation trustee (hereafter, the "Trustee") of the RemoteMD, LLC Litigation Trust ("Litigation Trust"), files this *Ex Parte Motion for Order Pursuant to Bankruptcy Rules 2004 and 9016 Directing Records Only Examination of ADP and Paychex as to RemoteMD, LLC Records,* (the "Motion"), for leave to obtain the accounting files, invoices, contracts, employee lists, payment statements, distributions, and any communications with RemoteMD, LLC from ADP and Paychex. In support of the Motion, the Trustee respectfully states as follows:

## I. RELIEF SOUGHT

The Trustee seeks the records of ADP and Paychex as it relates to RemoteMD for October 18, 2019 through February 16, 2024. The requests, which are each detailed in the attached Exhibit A, ask for all accounting files, invoices, contracts, employee lists, payment statements, distributions, and any communications with RemoteMD, LLC.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### III. RELEVANT BACKGROUND AND PROCEDURAL HISTORY

On October 18, 2022 (the "Petition Date"), Robert Dudley, Premier Laboratory Services, Inc., Steele Strategies, Inc., Securitas Security Services USA, Inc., and KJG Strategies filed an involuntary petition against RemoteMD.[1]

On November 4, 2022, the Court entered an Order of Relief and converted the involuntary bankruptcy case to a voluntary case under Chapter 11 of the Bankruptcy Code with the Notice of Election to Proceed Under Subchapter V of Chapter 11.[2] The UST appointed Craig Geno to serve as the Subchapter V Trustee.[3]

The Debtor remained in possession and control of its property as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108. The Debtor filed an initial "Plan of Reorganization Dated September 21, 2023."[4] The Debtor filed another "Plan of Reorganization Dated November 10, 2023," (the "Plan").[5]

On February 1, 2024, this Court confirmed the Plan with certain modifications to adequately protect the holders of Class 3 (general unsecured) claims.[6] On April 3, 2024, this Court further amended its order confirming the Plan.[7]

The confirmed Plan authorized the creation of the Litigation Trust, reserved certain causes of actions belonging to the Debtor including "claims and causes of action that Remote Affiliates and the Debtor constitute a single business enterprise or should be subject to substantive

---

[1] ECF Doc. 1.
[2] ECF Doc. 29.
[3] ECF Doc. 34.
[4] ECF Doc. 239.
[5] ECF Doc. 286.
[6] ECF Doc. 306.
[7] ECF Doc. 329.

2

consolidation" (the "Retained Causes of Action" or "Reserved Causes of Action") and transferred such causes of action to the Litigation Trust:[8]

The confirmed Plan created the Litigation Trust and provided for the appointment of Dwayne Murray as Trustee. The Plan also authorized the Debtor to execute the Litigation Trust Agreement, a signed copy of which is attached hereto as **Exhibit B**.

On May 3, 2024, after several unsuccessful attempts to obtain the necessary records to investigate the Retained Causes of Action from the Reorganized Debtor, it's former counsel, and the Reorganized Debtor's Representative, Dr. Kotler, (collectively, the "Reorganized Debtor Parties"), the Trustee filed the *Trustee's Motion to Enforce the Plan and for an Order: (1) requiring the Debtor and Debtor's counsel, Heller, Draper, & Horn to provide the Debtor's books, records, and other necessary information to the Trustee (2) Finding All Privileges Applicable To Such Records Are Controlled By The Trustee Or Alternatively, (3) Compelling The Debtor To Transfer, Waive Or Release Any Applicable Privilege On The Debtor's Records To The Trustee* (the "Motion to Enforce the Plan"). ECF Doc. 335.

On May 14, 2024, the Court heard the Motion to Enforce the Plan and the Opposition thereto filed by the Reorganized Debtor Parties and issued an Order on May 21, 2024 (the "Order"), which granted the Motion in part, and denied the Motion in Part. *See* Order, ECF Doc. 344.

Specifically, the Court ordered the "Reorganized Debtor and Dr. Michael D. Kotler, in his capacity as the Reorganized Debtor's Representative, and/or Debtor's counsel, Heller Draper" (the "Reorganized Debtor Parties") to turn over certain books and records of the debtor, including

---

[8] The Amended Confirmation Order, the Confirmed Plan, and the Litigation Trust Agreement alternate in the use of the term "Retained Causes of Action" and "Reserved Causes of Action."

financial records. Since the Order, the Trustee has worked with the Reorganized Debtor Parties and has received some, but not all of the records requested.

Additionally, as the deadline to file cases arising from the Retained Causes of Action nears, the Trustee feels it is necessary to issue subpoenas to certain entities to seek records to further the investigation. Through his investigation, the Trustee is aware that significant Debtor funds, more than $12 million, were sent to Paychex and ADP for the period of October 18, 2019 through February 16, 2024. Accordingly, the Trustee seeks court approval to send subpoenas to Paychex and ADP for any and all records for the timeframe related to RemoteMD, LLC, including but not limited to accounting files, invoices, contracts, employee lists, payment statements, distributions, and any communications in substantially the same form as the attached **Exhibit A**.

## IV. AUTHORITY

Federal Rule of Bankruptcy Procedure 2004 authorizes the Court, upon motion of any party-in-interest, to order the examination of any entity relating to the "acts, conduct, or property, or to the liability and financial condition of the debtor, or to any other matter which may affect the administration of the debtor's estate." Fed. R. Bankr. P. 2004(b). Rule 2004 also authorizes the issuance of a subpoena to compel the attendance of the witness for examination and production of documentary evidence. *See* Fed. R. Bankr. P. 2004(a) – (c); *see also* Fed. R. Bankr. P. 9016 (incorporating by reference Fed. R. Civ. P. 45).

It is well-established that the scope of an examination under Rule 2004 is unfettered and broad. *See In re Wash. Mut., Inc.*, 408 B.R. 45, 49 (Bankr. D. Del. 2009); *In re Bakalis*, 199 B.R. 443, 447 (Bankr. E.D. N.Y. 1996); *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D. N.Y. 1983). Indeed, "[a] Rule 2004 examination is commonly recognized as more in the nature of a 'fishing expedition.'" *In re Wash. Mut.*, 408 B.R. at 50 (internal quotations and citations

4

omitted); *see also In re M4 Enters., Inc.*, 190 B.R. 471, 474 (Bankr. N.D. Ga. 1995); *In re Frigitemp Corp.*, 15 B.R. 263, 264 n.3 (Bankr. S.D. N.Y. 1981). "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate. Legitimate goals of Rule 2004 examinations include discovery assets, examining transactions, and determining whether wrongdoing has occurred." *In re Wash. Mut.*, 408 B.R. at 50 (internal quotations and citations omitted).

Courts have held that "any third party who can be shown to have a relationship with the debtor can be made subject to a Rule 2004 investigation." *In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D. N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994); *see also In re Ecam Publ'ns, Inc.*, 131 B.R. 556, 559 (Bankr. S.D. N.Y. 1991) (stating that third parties may be subject to examination if they have knowledge of the debtors' affairs).

Attached to this request as **Exhibit A** are the respective, proposed subpoenas to (1) ADP and (2) Paychex, which request the accounting files, invoices, contracts, employee lists, payment statements, distributions, and any communications as it relates to RemoteMD, LLC, for the time period of October 18, 2019 (three years prior to the petition date) to February 16, 2024 (the Plan effective date) for work performed for RemoteMD and its Affiliates.

These records are required for the Trustee's continued investigation into the Retained Causes of Action.

### V. CONSULTATION WITH THE RECORDS DEPONENTS AS REQUIRED BY THE LOCAL RULES

Pursuant to Local Rule 2004-1, Katherine E. Clark, counsel for the Trustee consulted with each of the firms as to this request, and reports:

On August 9, 2024, Katherine Clark spoke with several individuals on the mainline of Paychex and was able to locate the contact information for the Legal Department. Ms. Clark left a

5

message for the Legal Department and has yet to hear back. However, also on August 9, 2024, the Trustee received a response to a demand letter, where Paychex advised that a subpoena is necessary for Paychex to divulge any payroll records.

On August 9, Katherine Clark spoke with numerous individuals at ADP, and was eventually able to locate the contact information for the Alice Quinn, who processes subpoenas to ADP. Ms. Clark left a message for Ms. Quinn. Ms. Quinn has since called back and advised that the subpoena should be served on the registered agent in Louisiana, which the Trustee will do.

## VI. PRAYER

**WHEREFORE**, the Trustee respectfully requests the entry of an Order:

a. authorizing the Trustee to serve a records only 2004 subpoena upon ADP, ordering it to produce documents in response to the subpoena no later than September 12, 2024;

b. authorizing the Trustee to serve a records only 2004 subpoena upon Paychex, ordering it to produce documents in response to the subpoena no later than September 12, 2024;

c. granting such other and further relief as is appropriate.

Respectfully Submitted,

**LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD**

*/s/ Katherine E. Clark*
Alicia M. Bendana, Esq. (La. Bar # 21472)
Christopher Caplinger (La. Bar # 25357)
Katherine E. Clark (La. Bar #40180)
601 Poydras St., Ste. 2775
New Orleans, Louisiana 70130
Telephone: (504) 568-1990
Facsimile: (504) 310-9195
Email: abendana@lawla.com
ccaplinger@lawla.com
kclark@lawla.com

*Counsel to Dwayne Murray, in his capacity as the Trustee of the RemoteMD, LLC Litigation Trust*

**CERTIFICATE OF SERVICE**

   I hereby certify that on August 12, 2024 a true and correct copy of the foregoing Motion for was served via Certified Mail to the Registered Agents for ADP and Paychex.

                     /s/*Katherine E. Clark*
                     Katherine E. Clark